IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIARA TUCKER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-cv-00632 |
| | § | |
| KROGER TEXAS, L.P., d/b/a KROGER | § | JURY DEMANDED |
|     Defendants. | § | |

---

### DEFENDANT'S NOTICE OF REMOVAL

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendants Kroger Texas, L.P. d/b/a Kroger, in the cause styled "*Kiara Tucker v. Kroger Texas, L.P. d/b/a Kroger*" originally pending as Cause No. DC-22-01701, 95th Judicial District Court of Dallas County, Texas, file this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Dallas Division.

**I.**
**BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties, Defendant is not a citizen of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

---

[1] *See* Plaintiff's Original Petition, at p. 1, ¶II ("Plaintiff seeks monetary damages greater than $250,000"), at p. 2, ¶III (alleging Plaintiff "fell violently onto her left knee and twisted her body as she fell, causing serious bodily injuries," pp. 2-3, ¶V (alleging "Plaintiff was seriously injured" and suffered "injuries and damages including but not limited to" disfigurement, physical

## II.
## DIVERSITY JURISDICTION

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.

Kroger Texas, L.P. (incorrectly identified as Kroger Texas, L.P. d/b/a Kroger) at the time of the initial filing of this action and at the time of the removal of this action, was and is a limited partnership formed under the laws of Ohio. The only general partner of Kroger Texas L.P. is KRGP Inc., an Ohio corporation with its principal place of business in Ohio. The only limited partner is KRLP Inc., an Ohio corporation with its principal place of business in Ohio. Neither KRGP Inc. nor KRLP Inc., the only two partners of Kroger Texas L.P., has ever been a resident of, incorporated in, or had its principal place of business in the State of Texas.

## III.
## FACTUAL BACKGROUND

Plaintiff claims she slipped on a wet floor and fell on or about November 3, 2020, while shopping in a Dallas County Kroger store. Plaintiff filed suit on December 2, 2021, in the 95th Judicial District Court of Dallas County, Texas, alleging premises liability and negligence-based causes of action against Defendant.

## IV.
## THE AMOUNT IN CONTROVERSY

As the Fifth Circuit has explained, "[i]t has long been recognized that 'unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good

---

impairment, mental anguish, pain and suffering, medical expenses, lost wages, and loss of earning capacity).

faith.'"[2] Likewise, the amount-in-controversy asserted by Defendant should be accepted when not contested.[3] Thus, "[i]n order for a federal court to decline jurisdiction, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'"[4]

Moreover, the removing party must only resort to establishing the amount in controversy by a preponderance of the evidence, "when a complaint does not allege a specific amount of damages."[5] The amount is sufficiently specific when it alleges "damages are in excess of the federal jurisdictional amount."[6] Recently, the Fifth Circuit found "the amount in controversy satisfied the jurisdictional amount" when the Texas plaintiff "sought up to $100,000 in damages"[7]

Here, Plaintiff judicially admits in her Original Petition that she is seeking damages in excess of the requisite amount in controversy for federal diversity jurisdiction.[8]  Specifically, Plaintiff alleges she was "seriously injured" after she "fell violently onto her left knee and twisted her body as she fell, causing serious bodily injuries,"[9] from which she seeks recovery of damages including but not limited to: (1) disfigurement; (2) physical impairment; (3) mental anguish; (4) pain and suffering; (5) medical expenses; and (6) lost wages and loss of earning capacity.[10]

---

[2] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[3] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014).

[4] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)).

[5] *Greenberg*, 134 F.3d at 1253.

[6] *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992).

[7] *Eng. v. Aramark Corp.*, 858 F. App'x 115, 116 (5th Cir. 2021).

[8] *See* Plaintiff's Original Petition attached hereto as Exhibit 2.

[9] *Id*. at pp. 2, ¶III.

[10] *Id*. at pp. 2-3, ¶V.

Plaintiff further alleged she seeks monetary damages greater than $250,000.[11] As a result, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, and this case is removable.

**V.**
**REMOVAL IS TIMELY**

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."[12]  Defendants first became aware this case was removable on or about February 24, 2022, when Defendant was served with Plaintiff's Original Petition. Accordingly, this removal is timely because it is made within thirty days after the receipt by Defendants of the document that first demonstrated the case was removable. Moreover, more than one year has not passed since the commencement of the action in state court on February 10, 2022.[13]

**VI.**
**VENUE**

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

---

[11] *Id.* at p. 1, ¶II.

[12] 28 U.S.C. § 1446(b).

[13] *See id*.

**VII.**
**PROCEDURAL REQUIREMENTS**

Defendants filed with the Clerk of the 95th Judicial District Court of Dallas County, Texas a Notice of Filing Notice of Removal to Federal Court contemporaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81.1, the following documents are attached hereto for the Court's reference:

(1)     State Court Docket Sheet (as of March 17, 2022);

(2)     Plaintiff's Original Petition (filed February 10, 2022) with Service of Citation;

(3)     Return of Service (February 17, 2022);

(4)     Defendant Kroger Texas, L.P.'s Original Answer (filed March 17, 2022); and

(5)     Defendant's Jury Demand (filed March 17, 2022).

Also, in compliance with Local Rule 81.1, Defendant has filed the following documents with the Notice:

- Civil Cover Sheet

- Supplemental Civil Cover Sheet

- Certificate of Interested Persons

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully pray that this case be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

*/s/ B. Kyle Briscoe*

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Seth R. Lightfoot**
State Bar No. 24093625
slightfoot@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Federal Rules of Civil Procedure on March 18, 2022.

*/s/ B. Kyle Briscoe*

**B. Kyle Briscoe**