# EXHIBIT 1

**Exhibit 1**

## Case Information

DC-22-01701 | KIARA TUCKER vs. KROGER TEXAS, L.P

Case Number                    Court                         Judicial Officer
DC-22-01701                    95th District Court           PURDY, MONICA
File Date                       Case Type                     Case Status
02/10/2022                     OTHER PERSONAL INJURY         OPEN

## Party

PLAINTIFF
TUCKER, KIARA

Address
325 N. SAINT PAUL STREET
SUITE 2220
DALLAS TX 75201

Active Attorneys ▼
Attorney
DUKE, WALKER M
Retained

Lead Attorney
SETH, GAGANDEEP K.
Retained

DEFENDANT
KROGER TEXAS, L.P

  Aliases
  *DBA* KROGER
Address
SERVING REGSITERED AGENT, CORPORATION SERVICE COMPANY
211 E. 7TH STREET, SUITE 620
AUSTIN TX 78701

Active Attorneys ▼
Lead Attorney
BRISCOE, B KYLE
Retained

## Events and Hearings

| 02/10/2022 NEW CASE FILED (OCA) - CIVIL |
| --- |

02/10/2022 ORIGINAL PETITION ▾

ORIGINAL PETITION

02/10/2022 ISSUE CITATION

02/17/2022 CITATION ▾

Served
02/24/2022

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
03/14/2022
Comment
KROGER TEXAS, L.P. d/b/a KROGER

03/14/2022 RETURN OF SERVICE ▾

EXECUTED CITATION - KROGER TEXAS LP 701

Comment
EXECUTED CITATION - KROGER TEXAS LP 701

03/17/2022 ORIGINAL ANSWER - GENERAL DENIAL ▾

DEF/ FILING ORIGINAL ANSWER

## Financial

TUCKER, KIARA
Total Financial Assessment                                                           $358.00
Total Payments and Credits                                                           $358.00

| 2/15/2022 | Transaction Assessment | | | $358.00 |
|---|---|---|---|---|
| 2/15/2022 | CREDIT CARD - TEXFILE (DC) | Receipt # 8996-2022-DCLK | TUCKER, KIARA | ($221.00) |
| 2/15/2022 | STATE CREDIT | | | ($137.00) |

**Documents**

ORIGINAL PETITION

EXECUTED CITATION - KROGER TEXAS LP 701

DEF/ FILING ORIGINAL ANSWER

# EXHIBIT 2

**Exhibit 2**

FILED
2/10/2022 5:14 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Alicia Mata DEPUTY

1 CIT/ESERVE

DC-22-01701

CAUSE NO._____

| | | |
|---|---|---|
| **KIARA TUCKER,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | 95th |
| **V.** | § | _____**JUDICIAL DISTRICT** |
| | § | |
| **KROGER TEXAS, L.P., d/b/a KROGER** | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Kiara Tucker and submits this, her Original Petition, and in support thereof would respectfully show the Court as follows:

## I. **DISCOVERY CONTROL PLAN**

Plaintiff intends to conduct discovery under Level 3.

## II. **PARTIES, JURISDICTION AND VENUE**

Plaintiff Kiara Tucker, is a an individual who resides in Dallas County, Texas.

Defendant Kroger Texas, L.P., d/b/a Kroger, is a foreign limited partnership doing business in, Texas. Defendant may be served through it's registered agent for service, Corporation Service Company d/b/a CSC-Lawyers, Inc., located at 211 E. 7th Street, Ste. 620, Austin, Texas 78701, or wherever they may be found.

The Court has jurisdiction over Plaintiff because she is a resident of Texas and Defendant because they are foreign entity and conduct business in Texas. Venue of this case is proper in Dallas County, Texas because it is where the underlying events that led to this lawsuit occurred. The amount of damages sought are within this Court's jurisdictional limits. Plaintiff seeks monetary damages greater than $250,000.

### III. BACKGROUND FACTS

This lawsuit arises from a slip and fall accident that occurred on or about November 3, 2020, at a Kroger store located at 532 W. Interstate 30, Garland, Dallas County, Texas 75043. Plaintiff Kiara Tucker was visiting the store for the purposes purchasing items. Plaintiff was walking down the cereal aisle when she stepped in a clear liquid that was on the floor and slipped and fell violently onto her left knee and twisted her body as she fell, causing serious bodily injuries. The premises in question was under the control of Defendant, and Defendant knew or reasonably should have known of the dangerous condition of the premises but did not eliminate the condition or warn Plaintiff of it.

### IV. CAUSE OF ACTION - PREMISES LIABILITY

An unreasonably dangerous condition existed on the premises owned, leased, operated, and/or controlled by Defendant at the time of the accident made the basis of this lawsuit; to wit, a wet, slick, slippery floor with no warning signs. The wet and slippery area of the floor was in an area of the store where customers or invitees, including Plaintiff, could be expected to walk. Defendant either knew or reasonably should have known of the condition. Defendant owed Plaintiff, an invitee, a duty to eliminate the unreasonably dangerous condition or warn Plaintiff of it. Unfortunately, Defendant did neither. As a direct and proximate result of Defendant's acts and/or omissions, Plaintiff sustained severe bodily injuries.

### V. DAMAGES

As a result of Defendant's negligence, Plaintiff was seriously injured. Plaintiff's injuries and damages include but are not limited to the following:

1. Disfigurement. Plaintiff has suffered disfigurement to her body as a result of the injuries she suffered in the incident made the basis of this suit.

2.      Physical impairment. Plaintiff has suffered in the past and will suffer in the future physical impairment.

3.      Mental anguish. Mental anguish suffered by Plaintiff both in the past and to be incurred in the future.

4.      Pain and suffering. The pain and suffering suffered by Plaintiff both in the past and to be incurred in the future.

5.      Medical expenses. The medical expenses sustained by Plaintiff both in the past and to be incurred in the future.

6.      Lost wages and loss of earning capacity.

Plaintiff has thus been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

## VI.  INTEREST

Plaintiff seeks pre- and post-judgment interest at the highest legal rate allowed by law.

## VII.  JURY DEMAND

Plaintiff respectfully requests a jury trial.

## VIII.  PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT

Defendant is requested to disclose the information or material described in Rule 194.2 and serve such answers within fifty (50) days after the service of these requests.

## IX.  PRAYER

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer and that on final hearing, Plaintiff have final judgment against Defendant for an amount within the jurisdictional limits of the Court, together with pre-judgement and post judgement interest at the legal rate, costs of court, and for such other relief, at law and in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**DUKE SETH, PLLC**

/s/Gagandeep K. Seth

**GAGANDEEP K. SETH**
State Bar No. 24062441
gkseth@dukeseth.com
**WALKER M. DUKE**
State Bar No.  24036505
wduke@dukeseth.com
325 N. St. Paul Street
Suite 2220
Dallas, Texas 75201
(214) 965-8100 Telephone
(214) 965-8101 Facsimile

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT 3

**Exhibit 3**

FILED
3/14/2022 1:15 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Felicia Pitre DEPUTY

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   **KROGER TEXAS, L.P d/b/a KROGER**
      **BY SERVING ITS REGSITERED AGENT CORPORATION SERVICE COMPANY**
      **211 E 7TH STREET SUITE 620**
      **AUSTIN TX  78701**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
Answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and **petition**, a default judgment may be taken
against you. In addition to filing a written answer with the clerk, you may be required to make initial
disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days
after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be
addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **KIARA TUCKER**

Filed in said Court **10th day of February, 2022** against

**KROGER TEXAS, L.P. d/b/a KROGER**

For Suit, said suit being numbered <u>**DC-22-01701,**</u> the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition **REQUEST FOR DISCLOSURE**,
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 17th day of February, 2022.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _*Carlenia Bouligny*_ , Deputy
CARLENIA BOULIGNY

---

<u>**ESERVE**</u>

**CITATION**

**DC-22-01701**

**KIARA TUCKER**
Vs.
**KROGER TEXAS, L.P**

ISSUED THIS
**17th day of February, 2022**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  CARLENIA BOULIGNY, Deputy

**Attorney for Plaintiff**
**GAGANDEEP K. SETH**
DUKE SETH PLLC
325 N ST PAUL STREET SUITE 2220
DALLAS TX  75201
214-965-8100

**gkseth@dukeseth.com**

# DALLAS COUNTY
# SERVICE FEES
# NOT PAID

## OFFICER'S RETURN

Case No. : DC-22-01701

Court No.95th District Court

Style: KIARA TUCKER

 Vs.

KROGER TEXAS, L.P

Came to hand on the ___17th___ day of ___February___, 20__22__, at __4:00__ o'clock __P__ .M. Executed at

__211 E. 7th Street #620 Austin TX 78701__, within the County of __Travis__ at __7:10__ o'clock __A__ .M. on the

__24th__ day of __February___, 20__22___, by delivering to the within named

__Kroger Texas LP DBA Kroger__

__By CMRRR# 7021 1970 0000 8232 8831__

Each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

|   |   |   |   |
|---|---|---|---|
| For serving Citation | $ __75__ | | |
| For mileage | $ __0__ | of | _____ County |
| For Notary | $ __0__ | by | _____ Deputy |

__Psc #19969__
__Exp. 6/30/23__

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said __Daisy Garcia__ before me this __10th__ day of __March__, 20__22__,

To certify which witness my hand and seal of office.

__Carrie M. Dean__

Notary Public __Dallas__ County __TX__



CARRIE MICHELLE DEAN
Notary Public, State of Texas
Comm. Expires 02-01-2026
Notary ID 133563213

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Kroger Texas L.P.*

**CORPORATION SERVICE COMPANY**

**211 E. 7th STREET., #620**

**AUSTIN, TEXAS 78701**

9590 9402 7160 1251 2483 17

2. Article Number *(Transfer from service label)*

7021 1970 0000 8232 8831

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X   Viva Tejas Logistics (AAO)   ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

FEB 24 2022

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

Carlos Mendoz

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...ured Mail
☐ ...ured Mail Restricted Delivery
   ...er $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053        Domestic Return Receipt

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 62578784
Status as of 3/14/2022 3:20 PM CST

Associated Case Party: KIARA TUCKER

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| GAGANDEEP KSETH | | gkseth@dukeseth.com | 3/14/2022 1:15:02 PM | SENT |

# EXHIBIT 4

**Exhibit 4**

FILED
3/17/2022 10:44 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Kellie Juricek DEPUTY

Case 3:22-cv-00632-E    Document 1-2    Filed 03/18/22    Page 16 of 25    PageID 23

CAUSE NO. DC-22-01701

| | | |
|---|---|---|
| KIARA TUCKER | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 95TH JUDICIAL DISTRICT |
| | § | |
| KROGER TEXAS L.P., d/b/a KROGER | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

COMES NOW Defendant Kroger Texas, L.P. ("Defendant" or "Kroger"), files this Original Answer, and would respectfully show the Court as follows:

## I.
## GENERAL DENIAL

1.       Defendant denies each and every, all and singular, material allegations contained in Plaintiff's Original Petition and any amendments and supplements thereto, demands strict proof thereof, and to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if he can so do.

## II.
## DEFENSES

2.       Defendant specifically denies Plaintiff's allegations that it and/or its employees were negligent, and Defendant denies that its alleged acts or omissions proximately caused Plaintiff's damages, if any.

3.       Defendant asserts Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4. Defendant claims it had neither actual nor constructive knowledge of the condition about which Plaintiff complains, and further asserts that, in any event, the alleged hazard was not "unreasonably dangerous."

5. Defendant claims that the alleged premises condition of which Plaintiff complains was already appreciated by Plaintiff, was open and obvious, was not concealed, and/or was a known risk and, therefore, Defendant denies that it owed any duty to warn Plaintiff of the alleged premises condition or protect Plaintiff from same. *Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).

6. Defendant claims Plaintiff failed to use the degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, and that such acts or omissions of Plaintiff were the sole proximate cause of Plaintiff's damages, if any.

7. Defendant claims that Plaintiff's damages or injuries, if any, were caused by the acts of third persons not under the control of Defendant. Such acts or omissions of said third persons were the sole, producing, proximate, intervening, or supervening cause of Plaintiff's damages or injuries, if any.

8. In the alternative, the accident complained of was an unavoidable accident, as that term is defined under Texas law.

9. Defendant claims that the damages about which Plaintiff complains, if any, were the result of prior or pre-existing or subsequent injuries, accidents or conditions, and said prior or pre-existing or subsequent injuries, accidents or conditions were the sole and/or a contributing cause of Plaintiff's damages alleged against Defendant.

10.    Defendant claims that Plaintiff breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

11.    Defendant claims that Plaintiff is malingering and/or exaggerating the nature and severity of her injuries in order to continue treatment, and accordingly, Defendant contends said treatment is not medically necessary or reasonable.

12.    Defendant contends that any claims for past and future medical or health care expenses are limited to the customary and usual amounts charged for reasonable and necessary medical care and, as regards past medical expenses, are further limited to the amounts actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code § 41.0105.

13.    Pursuant to Texas Civil Practice & Remedies Code § 18.091, to the extent that Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of such alleged losses must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

14.    Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

15.    In the unlikely event an adverse judgment is rendered against Defendant in this matter, Defendant respectfully prays for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

**III.**
**COURT REPORTER**

16.     Defendant respectfully demands a court reporter be present at all proceedings before the Court.

**IV.**
**DEMAND FOR JURY TRIAL**

17.     Defendant hereby demands a trial by jury on all issues herein and tenders the appropriate jury fee with this Original Answer.

**V.**
**PRAYER**

Defendant respectfully prays Plaintiff take nothing by this cause of action, requests it be permitted to recover the costs expended on its behalf, and for all other and further relief, both general and special, at law or in equity to which Defendant may show itself justly entitled.

Respectfully submitted,

*/s/ B. Kyle Briscoe*

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Seth R. Lightfoot**
State Bar No. 24093625
slightfoot@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on March 17, 2022.

*/s/ B. Kyle Briscoe*

**B. Kyle Briscoe**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bryan Briscoe on behalf of Bryan Briscoe
Bar No. 24069421
kbriscoe@peavlerbriscoe.com
Envelope ID: 62695582
Status as of 3/17/2022 11:00 AM CST

Associated Case Party: KIARA TUCKER

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| GAGANDEEP KSETH | | gkseth@dukeseth.com | 3/17/2022 10:44:43 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Seth  Lightfoot | | slightfoot@peavlerbriscoe.com | 3/17/2022 10:44:43 AM | SENT |
| Joy Rose | | jrose@peavlerbriscoe.com | 3/17/2022 10:44:43 AM | SENT |
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 3/17/2022 10:44:43 AM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 3/17/2022 10:44:43 AM | SENT |

# EXHIBIT 5

**Exhibit 5**

FILED
3/17/2022 2:11 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Kellie Juricek DEPUTY

Case 3:22-cv-00632-E   Document 1-2   Filed 03/18/22   Page 23 of 25   PageID 30

CAUSE NO. DC-22-01701

| | | |
|---|---|---|
| KIARA TUCKER | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| vs. | § | 95TH JUDICIAL DISTRICT |
| | § | |
| KROGER TEXAS L.P., d/b/a KROGER | § | |
|     Defendant. | § | DALLAS COUNTY, TEXAS |

---

## DEFENDANT'S DEMAND FOR JURY TRIAL

COMES NOW Defendant Kroger Texas, L.P. ("Defendant"), files this Demand for Jury Trial, and asserts its right to a trial by jury under Texas Constitution Article 1, section 15. Defendant makes this demand for jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Defendant further tenders the jury fee as required by the Texas Government Code and the District Clerk of Dallas County.

Respectfully submitted,

/s/ *Seth R. Lightfoot*

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Seth R. Lightfoot**
State Bar No. 24093625
slightfoot@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on March 17, 2022.

*/s/ Seth R. Lightfoot*

**Seth R. Lightfoot**

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Seth  Lightfoot on behalf of Bryan Briscoe
Bar No. 24069421
slightfoot@peavlerbriscoe.com
Envelope ID: 62708468
Status as of 3/17/2022 2:38 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 3/17/2022 2:11:37 PM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 3/17/2022 2:11:37 PM | SENT |
| Joy Rose | | jrose@peavlerbriscoe.com | 3/17/2022 2:11:37 PM | SENT |
| Seth  Lightfoot | | slightfoot@peavlerbriscoe.com | 3/17/2022 2:11:37 PM | SENT |

Associated Case Party: KIARA TUCKER

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| GAGANDEEP KSETH | | gkseth@dukeseth.com | 3/17/2022 2:11:37 PM | SENT |